The opinion of the Court was delivered by
Glover, J.
A single question is involved in all the grounds of appeal, and the answer to that depends upon the powers vested in the Commissioners of Roads to make alterations in the public highways under their jurisdiction.
The positions taken are : 1st, that the Commissioners have no such power; and 2d, that, conceding the power, it is confined to slight changes to avoid obstacles, and without prejudice to the public. Two cases dre relied upon by the appellant’s counsel, in support of the second proposition, which directly controvert the first. (Maddox vs. Ware, 2 Bail. 316, and The State vs. Commissioners of Roads, 4 McC. 5.) In both cases it was held, that the Board of Commissioners had the authority to alter or change the established roads, and certain limitations to the exercise of this authority are prescribed : “ Slight alterations in the direction of old roads for the bona fide purpose of avoiding obstacles and remedying defects,” — “ particularly when the alteration is at the request of the individual over whose land the road runs, and where it is productive of no great inconvenience.” It is necessary that such power should be conferred on' those charged with *487 tbe duty of superintending and keeping in repair tbe highways of the country. If no deviation be allowed from the original road bed, serious inconvenience to the public would result from obstacles, injudicious locations, &c., which admit of an easy remedy by short deflections from the main track; on the other hand, such alterations are proper where they are made at the request of the owner over whose land the road runs: provided the public receive no detriment from the change. The public good is paramount, but private interests should not be sacrificed to it without manifest necessity; and as far as the one or the other is involved in the highways, no fear of their invasion can be reasonably indulged from the abuse of the guarded powers vested in the Commissioners of Hoads.
The complaint of the relators is, that the change was made for the accommodation of an individual, against the wishes of those interested in the use of the way, and that the change is not slight, but, in effect, the opening of a new road. If no inconvenience results to the public from a mere change which promotes the interest of the freeholder, a continuance of the old line, because it accommodates an individual, would be a perverse and unreasonable exercise of power. The deviation in this case is more than one mile, and that, it is argued, is neither slight nor for a short distance, and we are referred to lexicographers for a definition of the terms employed. We prefer the authority of the case of the Commissioners of Roads vs. Murray (1 Rich. 335), where the alteration was greater,' and the language of the Court is, “ The power of the Board to make alterations in a road cannot well be doubted. It is not making a new road, it is only the making of such alterations and deviations in a road already existing, as, in their judgment, the public interest may require. This must be done in good faith, and not under the pretence of alteration to make a new road.” Changes made in an extended line of road may be inconsiderable, which in one of limited extent *488 would be important. But tbe expediency and extent of tbe change must be submitted to tbe decision of tbe Board of Commissioners, in whom tbe authority is vested to make alterations, and we will not presume that tbe defendants intended, under tbe pretence of a change in tbe road, to evade tbe law. We rather-presume that they complied with what tbe law requires, and decided after a full and an impartial consideration, and tbe evidence authorizes this presumption. It is probable that a majority of tbe travelling public believe tbe alteration improper, but we are of opinion that it is generally safer, in such questions, to rely on tbe judgment of those tribunals charged with tbe decision of them, than on democratic majorities.
This conclusion makes it unnecessary to decide whether tbe relators can, by mandamus, compel tbe Commissioners to restore tbe old road.
Motion dismissed.
. O’Neall, Wardlaw, WhitNEr, and Mukro, JJ., concurred.

Motion dismissed.